IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY,<br>Plaintiff<br>v.<br>THE HARTFORD CASUALTY INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Harleysville Insurance Company ("Harleysville"), by and through its attorneys, Deasey, Mahoney & Valentini, LTD., brings this declaratory judgment action against Defendant, The Hartford Casualty Insurance Company ("The Hartford"), and its support thereof alleges as follows:

**THE PARTIES**

1. Plaintiff, Harleysville, is a corporation organized an existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 355 Maple Avenue, Harleysville, PA.

2. Defendant, The Hartford, is a corporation organized an existing under the laws of the State of Connecticut, with a principal place of business located 1 Hartford Plaza, Hartford, CT.

**JURISDICTION AND VENUE**

3. The citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, giving this Court subject matter jurisdiction under 28 U.S.C. §1332 and under the Declaratory Judgment Act, 28 U.S.C. §2201.

**THE UNDERLYING LAWSUIT**

4. On or about February 1, 2018, Sue Ann Yale, a Pennsylvania resident, brought suit against Kennett Square Medical Office Building 404 Associates (hereinafter "Kennett Square"),

among others, in the Court of Common Pleas of Chester County, Pennsylvania under the caption <u>Sue Ann Yale and Stephen M. Yale, Sr. v. John J. Ciccarone, d/k/a Kennett Square Medical Building Associates a/k/a Kennett Square Medical Office Building 404 Associates, et al. v. J&N Management, LLC, et al.</u>, Chester County Court of Common Pleas, Case No. 2018-01235-TT (hereinafter referred to as the "Yale Action"). A true and correct copy of the Yale Action Complaint is attached as Exhibit "A."

5.  The allegations made in the Yale Action are incorporated into this Complaint For Declaratory Judgment by reference, however, Harleysville does not admit to the truth of those allegations.

6.  In the Yale Action, Plaintiffs allege that Ms. Yale was injured when she fell on ice, including but not limited to "black ice," in the parking lot and/or entrance way of the Kennett Square premises located at 404 McFarlan Road, Kennett Square, PA. <u>See</u> Plaintiffs' Complaint, at Ex. "A".

7.  On or about August 17, 2018, Infinity Property Solutions, LLC d/b/a Countrywide Landscape (hereinafter "Countrywide"), a Defendant in the <u>Yale</u> Action, filed a Joinder Complaint that named J&N Management, LLC (hereinafter "J&N") as an Additional Defendant in the <u>Yale</u> Action. A true and correct copy of Countrywide's Joinder Complaint is attached as Exhibit "B."

8.  J&N was under contract with Kennett Square to provide real estate management services at 404 McFarlan Road pursuant to a Management Agreement. <u>See</u> Management Agreement attached as Exhibit "C."

9.  Pursuant to the Management Agreement, J&N's duties and responsibilities as the real estate manager for the Kennett Square property included conducting the management activities for the Kennett Square property. <u>See</u> Management Agreement attached as Exhibit "C."

10. Snow and ice removal services at 404 McFarlan Road were part of the duties and responsibilities that J&N was to provide to Kennett Square pursuant to the Management Agreement.

11. Countrywide alleges that it was under contract to J&N to provide snow and ice removal services at 404 McFarlan Road pursuant to a management agreement. See Joinder Complaint, ¶ 26, at Exhibit "B".

12. The Yale Action alleges that Ms. Yale was injured on or about February 2, 2016, due, in part, to snow, and perhaps other forms of precipitation, that had accumulated at 404 McFarlan Road and were plowed, moved, or otherwise manipulated but black ice formed on the property due to thawing and refreezing. J&N and Kennett Square, among others, were alleged to have caused this allegedly dangerous condition. See Yale Complaint and Countrywide Joinder Complaint, at Exhibits "A" and "B."

13. The liability of Kennett Square and J&N in the Yale Action are premised on allegations that they were negligent, which negligence included, among other things:

    a. Failing to establish policies and procedures and otherwise ensuring that the Property was kept reasonably free and clear of hazardous conditions, including but not limited to snow and ice;

    b. Failing to clear the Property of hazardous conditions, including but not limited to snow and ice on or about the Property;

    c. Failing to establish policies and procedures and otherwise ensuring the timely application of rock salt, calcium chloride, sand, cinders, or other deicing substances;

    d. Failing to reasonably clear the ice from the parking lot and building entrance where Plaintiff fell, or make it safer to walk upon, with the timely application of rock salt, sand, cinder or a similar substance;

    e. Failing to keep the premises free of ice;

    f. Failing to salt or improperly salting the Property to keep it free from ice;

g. Failing to advise or otherwise notify its snow removal and ice removal contractors to clear the parking lot of ice or otherwise render it safe by the property application of rock salt, sand, cinder or other similar substance;

h. Maintaining the premises in such a manner as to constitute a danger to persons lawfully thereon;

i. Failing to inspect the premises to discovery the dangerous condition or in inspection so negligently as to not have discovered the condition;

j. Failing to hire, employ, or retain personnel sufficiently qualified or trained to perform the inspection of the premises and/or other services required by their employment;

k. Maintaining the Property in an improper manner or in employing personnel who are not sufficiently qualified to maintain the premises in a proper manner;

l. Failing to hire, employ, or retain personnel sufficiently qualified to supervise maintenance of the Property;

m. Failing to adequately barricade or section off the portions of ice existing in the parking lot and building entrance way;

n. Allowing the ice to remain for an unreasonably long period of time in the parking lot and building entrance way.

See Plaintiffs' Complaint and Countrywide Joinder Complaint, at Exs. "A" and "B".

14. On February 2, 2016, J&N was the named insured under a general liability insurance policy issued by Harleysville, Policy No. MPA00000030516E, with a policy period of 11/02/2015 to 11/02/2016. A true and correct copy of the Harleysville insurance policy is attached as Exhibit "D."

15. On February 2, 2016, Kennett Square was insured by The Hartford under a general liability policy, Policy No. 39SBAIF6279, with a policy from 2/08/2015 to 2/08/2016. A true and correct copy of The Hartford insurance policy is attached as Exhibit "E."

16. The Hartford Policy specifically included <u>as an insured</u> the "Real Estate Manager" for the subject Kennett Square property. <u>See</u> The Hartford Policy, Form SS 00 08 04 05, "Who Is An Insured" Sec. C(b), pp. 10-11 of 24, at Exhibit "E".

17. The Hartford Policy defines a "Real Estate Manager" as "any person (other than your 'employee' or 'volunteer worker'), or any organization while acting as your real estate manager." <u>See</u> The Hartford Policy, Form SS 00 08 04 05, Sec. C(b), pp. 11 of 24, at Exhibit "E".

18. At all times relevant, J&N was Kennett Square's real estate manager and, therefore, is an insured a/k/a "omnibus insured" under The Hartford Policy.

19. At all times relevant, J&N was neither an employee nor a volunteer worker of Kennett Square.

20. The Hartford owes a duty and contractual obligation to defend J&N as an omnibus insured under The Hartford Policy on a primary, non-contributory basis in the <u>Yale</u> Action with the Harleysville Policy being excess insurance for J&N.

21. Prior to the <u>Yale</u> Action being filed, on January 27, 2017, The Hartford tendered the defense of Kennett Square to Harleysville claiming that Kennett Square was an additional insured on the Harleysville Policy for J&N based upon the terms of the Management Agreement.

22. Harleysville declined The Hartford tender on or about April 3, 2017 citing the status of J&N as an insured under The Hartford Policy based upon the fact that it was Kennett Square's Real Estate Manager.

23. In the same April 3, 2017 letter, Harleysville requested that The Hartford provide coverage for J&N based upon the fact that J&N was actually a named insured under The Hartford Policy.

24. On July 27, 2017, The Hartford admitted that Harleysville's Policy was excess to The Hartford Policy, that The Hartford had a duty to provide coverage to J&N for the <u>Yale</u> claim, and that

The Hartford would "handle" the claim for J&N.  See July 27, 2017 Email from Laura Bachiochi, Claim Representative for The Hartford, at Exhibit "F".

25. As The Hartford recognized in its July 2017 e-mail, the claims against J&N asserted in the Yale action fell within The Hartford's coverage for J&N as an insured under the terms of The Hartford Policy and, therefore, The Hartford had a duty to defend and indemnify J&N.

26. In spite of The Hartford's admission that Harleysville's Policy was excess, on February 9, 2018, The Hartford requested that Harleysville provide "concurrent coverage" with The Hartford for J&N's exposure in the Yale claim.

27. On or about March 5, 2019, The Hartford retendered to Harleysville the defense and indemnification of Kennett Square in the Yale Action pursuant to the Management Agreement.  At the same time, The Hartford also denied that J&N was an omnibus insured under The Hartford Policy.  Rather, The Hartford claimed that J&N was an "Additional Insured" under The Hartford Policy pursuant to an "Additional Insured – Manager/Lessor" endorsement.

28. On or about May 31, 2019, Harleysville declined this tender and again requested that The Hartford provide coverage to, and defend and indemnify, J&N it in the Yale Action citing, in part, The Hartford Policy's clause that specifically names the Real Estate Manager as an insured under The Hartford Policy which takes primacy over the "Additional Insured" provisions in The Hartford Policy.

29. Because The Hartford has not agreed to defend or indemnify J&N in the Yale Action in spite of repeated demands, Harleysville (whose coverage for J&N is excess to that provided by The Hartford), has provided a defense for J&N in the Yale Action at its own expense.

30. To date, the fees and costs expended by Harleysville in defense of J&N in the Yale Action exceed $98,000.

31. As an insured under The Hartford Policy, J&N is entitled to recoup its defense costs on a "first dollar primary basis" due to The Hartford's refusal to defend and indemnify J&N in the Yale Action.

32. Harleysville now seeks judgment against The Hartford for reimbursement of Harleysville's defense costs, as well as a declaration that The Hartford is obligated both to defend J&N in the Yale Action from this point forward, and to indemnify J&N against any verdict or judgment entered in the Yale Action.

33. Plaintiff seeks defense and indemnification for J&N from The Hartford as well as a declaration: (i) that J&N is an insured under The Hartford Policy; and (ii) as an insured, The Hartford is obligated to defend and indemnify J&N Management, LLC on a first dollar primary basis; and, (iii) that the Harleysville insurance policy issued to J&N is excess over The Hartford policy, and (iv) Harleysville has no obligation to defend or indemnify J&N in the Yale Action until the limits of The Hartford policy are exhausted by means of a verdict or a judgment; and (v) Kennett Square is not an additional insured on a primary basis on the Harleysville policy; and (vi) such other relief as this Court may deem appropriate.

## **COUNT I – INDEMNIFICATION**

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth at length herein.

35. The Hartford's duty to defend and indemnify J&N is based on the allegations in the Yale Action. As long as there is one allegation against J&N in the Yale Action for which they are entitled to coverage from The Hartford as an "omnibus insured," The Hartford must defend them against all allegations.

36. There are, in fact, multiple allegations against J&N in the Yale Action which satisfy the terms of coverage for J&N as an insured in its capacity as the real estate manager for Kennett Square under The Hartford Policy.

37. As The Hartford recognized in the July 2017 e-mail, the claims against J&N fell within The Hartford's coverage, therefore The Hartford has a duty to defend and indemnify J&N.

38.	The Hartford owes a primary obligation to undertake the defense and indemnification of J&N, which served as the real estate manager for Kennett Square and is, therefore, an omnibus insured.

39.	Because J&N is an omnibus insured as a real estate manager, it is not subject to The Hartford Policy provisions governing allocation for Additional Insureds.

40.	Given the multiple tenders of defense issued by Harleysville, The Hartford's admission that the Harleysville Policy was excess, and the explicit terms of The Hartford's "Who Is An Insured" policy clause, The Hartford had an obligation to defend and indemnify J&N from the inception of J&N's involvement in the Yale Action. Yet, The Hartford failed to meet this obligation.

41.	Harleysville did not owe the primary duty to defend and indemnify J&N in the Yale Action. Rather, Harleysville owed a secondary duty, as its insurance coverage for J&N was excess to that supplied by The Hartford pursuant to the express terms of the omnibus insured provision in The Hartford Policy.

42.	Therefore, Harleysville is entitled to reimbursement for all costs it expended in the defense of J&N in the Yale Action, beginning from the inception of the Yale Action and continuing until the date that The Hartford takes over the defense of J&N.

**WHEREFORE**, Harleysville Insurance Company demands judgement in its favor and against The Hartford Casualty Insurance Company, for all costs it has expended, and will in the future expend, in the defense of J&N in the Yale Action, beginning from the inception of the Yale Action against J&N and continuing under the date that The Hartford takes over the defense of J&N.

## **COUNT II – DECLARATORY JUDGMENT**

43.	 Plaintiff incorporates by reference the allegations in the proceeding paragraphs of its Declaratory Judgment Complaint as if fully set forth at length herein.

44.	Under the facts alleged in the Yale Action, all terms of the omnibus insured section of The Hartford Policy have been satisfied.

45. An actual and justiciable controversy has arisen in that Harleysville contends that it has no duty to defend or indemnify J&N from and against the claims and allegations made in the Yale Action as the primary, non-contributory, insurance policy for J&N is The Hartford Policy. Whereas The Hartford disclaims any coverage obligation to J&N based upon J&N's alleged contractual obligations to Kennett Square under the Management Agreement and claims that it has no duty to defend and indemnify J&N in the Yale Action as The Hartford Policy is excess over Harleysville's policy.

46. A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties involved.

47. Harleysville is entitled to a declaration that it has no obligation to defend or indemnify J&N in the Yale Action until such time as the limits of The Hartford's policy are exhausted by means of a verdict or judgment.

48. Harleysville is seeking a declaration that The Hartford has a primary obligation to defend and indemnify J&N against the allegations being made against it in the Yale Action, that the Harleysville policy provides coverage to J&N that is excess to that provided to J&N under The Hartford policy, that Harleysville has no obligation to defend or indemnify J&N against the allegations made against it in the Yale Action until the limits of The Hartford policy are exhausted by means of a verdict or judgment, that Kennett Square is not an additional insured on a primary basis on the Harleysville policy, and that Harleysville Insurance Company is entitled to recover all attorney's fees and costs related to the defense of J&N Management, LLC in the Yale Action as well as to recover all attorney's fees and costs related to the prosecution of this declaratory judgment action.

**WHEREFORE,** Harleysville Insurance Company respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that J&N Management, LLC is an insured under The Hartford Casualty Insurance Company Policy for Kennett Square and, as an insured, The Hartford

must defend and indemnify J&N Management, LLC against the allegations being made against it in the <u>Yale</u> Action, on a primary, non-contributory, basis;

2. Declaring that The Hartford Casualty Insurance Company Policy covering J&N Management, LLC must defend and indemnify J&N Management, LLC on a "first dollar" primary basis;

3. Declaring that because The Hartford Casualty Insurance Company must defend and indemnify J&N Management, LLC on a "first dollar" primary basis, Harleysville Insurance Company is entitled to recover all attorney's fees and costs related to the defense of J&N Management, LLC in the <u>Yale</u> Action as well as to recover all attorney's fees and costs related to the prosecution of this declaratory judgment action;

4. Declaring that coverage available to J&N Management, LLC for the <u>Yale</u> Action from Harleysville Insurance Company is excess to that available under The Hartford Casualty Insurance Company policy;

5. Declaring that Harleysville Insurance Company has no obligation to defend or indemnify J&N Management, LLC against the allegations made against it in the <u>Yale</u> Action until the limits of The Hartford Casualty Insurance Company policy are exhausted by means of a verdict or judgment;

6. Declaring that Kennett Square is not an additional insured on a primary basis on the Harleysville policy; and

7. Granting such other relief that this Court may deem appropriate.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY: _/s/ Michael P. Rausch_
Michael P. Rausch, Esquire
PA Bar ID No.: 74286
1601 Market Street, Suite 3400
Philadelphia, PA 19103
(215) 587-9400
E-mail:   mrausch@dmvlawfirm.com

**Attorneys for Plaintiff,
Harleysville Insurance Company**

Dated: January 19, 2021